IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|  |  |  |
|---|---|---|
| KEVIN M. TOOGOOD | * | |
| and | * | |
| TORIELLE D. JONES | * | CIVIL NO.: 06-CV-1207 |
| Plaintiffs, | * | |
| v. | * | |
| MERASTAR INSURANCE COMPANY | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Torielle Jones, individually and as parent and legal guardian of her three minor children, and Kevin Toogood, as surviving spouse and Personal Representative of the Estate of Jacqueline Toogood, have sued Merastar Insurance Company ("Merastar") for damages arising out of a June 2004, motor vehicle accident that killed Mrs. Toogood and injured Ms. Jones and her three children.

Pending are Jones's motions to amend her complaint, remand the case to the Circuit Court for Baltimore City, to strike the affidavits of James Connolly and Douglas Schutte and for leave to file a surreply. Also pending is Merastar's motion to transfer venue to the Eastern District of Virginia. For the following reasons, Jones's motions to amend and to remand will be granted.

Her motions to strike and to file a surreply and Merastar's motion to transfer venue will be denied.

I.  Background

On June 12, 2004, Mrs. Toogood was driving south on Interstate 95 in Prince George County, Virginia when her car was struck by another vehicle and forced off the road. Compl., ¶ 2. Mrs. Toogood was killed in the collision and her passengers, Ms. Jones and her three children, were badly injured. *Id* at ¶ 5. The driver of the other vehicle fled the scene. *Id* at ¶ 2.

At the time of the accident the Toogoods were insured by Merastar under a motor vehicle liability policy that provided "Uninsured Motorist Coverage" for damages caused by the negligence of uninsured drivers. *Id* at ¶ 6. The plaintiffs have sued Merastar for indemnification.[1] Merastar has answered the Complaint, asserting affirmative defenses of contributory negligence and assumption of risk.

II.  Jones's Motion to Amend the Complaint

Jones has moved to amend the Complaint to name Mr. Toogood, in his capacity as Personal Representative of the Estate of Mrs. Toogood as a Defendant. As Ms. Jones and Mr. Toogood are

---

[1] Plaintiffs originally brought suit in the Circuit Court for Baltimore City. The case was removed to this Court on May 12, 2006.

Maryland residents, joining Mr. Toogood as a defendant would destroy the Court's diversity jurisdiction.[2]

Under 28 U.S.C. § 1447(e), "if after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e).  A district court may not retain jurisdiction when it permits a nondiverse defendant to be joined in the case. *Mayes v. Rapoport*, 198 F.3d 457 (4th Cir. 1999).

In deciding whether to permit joinder under these circumstances, the court can consider:

> all relevant factors, including: the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has been dilatory in asking for amendment, whether the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities.

*Id* at 462.

Plaintiffs filed suit on April 6, 2006; Mrs. Jones filed her motion to amend on June 2, 2006.  Accordingly, the Court finds that there has been no undue delay.

Merastar has raised the affirmative defenses of contributory negligence and assumption of risk.  As Mrs. Toogood was the

---

[2] For a district court to exercise diversity jurisdiction under 28 U.S.C. § 1332(a), there must be complete diversity of the citizenship. *Dewhurst v. Telenor Invest AS*, 83 F.Supp.2d 577, 595 (D.Md. 2000)(*citing Strawbridge v. Curtiss*, 3 Cranch 267 (1806)).

driver of the car, a jury may find her to have been the proximate cause of the accident. Accordingly, the Court finds that Ms. Jones's motion to add Mr. Toogood as a defendant was a reasonable effort to protect her claim rather than an attempt to frustrate federal jurisdiction.

Finally, although Merastar argues that it will be unable to subpoena important out-of-state witnesses and documents if the case is remanded, it has offered no evidence that its witnesses will be unable or unwilling to appear for trial in Maryland or that their testimony cannot be presented by other means. Accordingly, the Court finds that Merastar will not suffer undue prejudice if the case is remanded to state court.

As the balance of factors favors allowing Jones to amend her complaint, her motion to amend will be granted.

III.  Motion to Remand

As Toogood is a Maryland resident, Jones's amended complaint destroys the Court's subject matter jurisdiction. Accordingly, Jones's motion to remand will be granted.

IV.  Conclusion

For the reasons stated above, Jones's motion to amend the complaint to add Toogood as a defendant will be granted. As a result, diversity jurisdiction will be destroyed and the case

will be remanded to the Circuit Court for Baltimore City. Jones's motions to strike and to file a surreply will be denied as moot.  Merastar's motion to transfer will also be denied as moot.

<u>July 14, 2006</u>                           <u>        /s/                </u>
Date                                William D. Quarles, Jr.
                                    United States District Judge